UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LESLEY FARMS LLC,

        Plaintiff,

  v.

NVA EVERGREEN EQUINE
VETERINARY MANAGEMENT
LLC, et al.,

        Defendants.

C25-229 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    (1)    The following motions are before the Court: Defendant NVA Evergreen Equine Veterinary Management, LLC's ("NVA Evergreen") motion to dismiss, or in the alternative, for a more definite statement, docket no. 39, defendants Samuel Mackey's and Gerald Washburn's ("Mr. Mackey" and "Dr. Washburn," respectively) motion to dismiss, or in the alternative, for a more definite statement, docket no. 42, and defendants C&H Equine PLLC's and Michael Howell's ("C&H Equine" and "Dr. Howell," respectively) motion to dismiss, or in the alternative, for a more definite statement, docket no. 43. Having reviewed the motions, the complaint, docket no. 1, and all relevant briefing, and based on the standards under Federal Rules of Civil Procedure 12(b)(5), 12(b)(6) and 12(e), the Court ORDERS as follows:

        (a)    The first cause of action, veterinary malpractice, is DISMISSED WITH PREJUDICE as to NVA Evergreen, Dr. Washburn, C&H Equine, and Dr. Howell. Under Washington law, "veterinary practice" is defined as activities relating to the diagnosis, treatment, and care of animals. *See* RCW 18.92.010. Indeed, the gravamen of a veterinary malpractice action is that, in providing veterinary care, the veterinarian

MINUTE ORDER - 1

departed from the relevant standard of care exercised by other veterinarians *when treating the animal*, and an injury to the owner of the animal was proximately caused by that departure. *See Baechler v. Beaunaux*, 167 Wn. App. 128, 134, 272 P.3d 277, 280 (2012) (emphasis added). Plaintiff's allegations in this case concern harm by defendants to property, animal byproduct, that occurred after the animal was deceased while in the care of a non-party. *See* Compl. at ¶¶ 20, 28, 29, 46 (docket no. 1). Because plaintiff cannot allege that injury to an animal byproduct that occurred months after the animal died while in the care of a non-party constitutes veterinary malpractice, amendment would be futile.

(b) The second cause of action, negligent bailment, is DISMISSED WITHOUT PREJUDICE as to all moving defendants. In Washington, a bailment relationship generally arises when personal property is delivered by one and accepted by another with some particular purpose, with a contract to redeliver when that purpose has been fulfilled. *See Eifler v. Shurgard Capital Mgmt. Corp.*, 71 Wn. App. 684, 689, 861 P.2d 1071, 1075 (1993). Although plaintiff alleges that defendants held and shipped animal byproduct[1] owned by plaintiff, it does not clearly allege the nature of the alleged bailment relationship; namely, it is unclear who the bailor and bailee were, and whether defendants, and which defendants, held the animal byproduct on plaintiff's behalf or whether they transferred it to another bailee. Because the defects may be cured through amendment, dismissal is without prejudice.

(c) The third cause of action, negligence, is DISMISSED WITHOUT PREJUDICE as to all moving defendants. In its complaint, plaintiff groups all defendants together and does not identify the specific conduct of each. *See* Compl. at ¶¶ 60–64 (docket no. 1). Because the defects may be cured through amendment, dismissal is without prejudice.

(d) The fourth cause of action, breach of contract, is DISMISSED WITHOUT PREJUDICE as to NVA Evergreen, C&H Equine, and Dr. Howell. In the complaint, plaintiff does not clearly identify which defendant(s) allegedly entered into a contract with plaintiff, nor the material terms of any such contract. *See* Compl. at 65–71 (docket no. 1). Because the defects may be cured through amendment, dismissal is without prejudice.

(e) The fifth cause of action, breach of covenant of good faith and fair dealing, is DISMISSED WITHOUT PREJUDICE as to NVA Evergreen, C&H Equine, and Dr. Howell. The implied duty of good faith and fair dealing "obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Badgett v. Sec. State Bank*, 807 P.2d 356, 360 (Wash. 1991). The duty "requires only that the parties perform in good faith the obligations imposed by their agreement" and thus

---

[1] The parties dispute whether the animal byproduct was perishable. Because this is a factual dispute, the Court will not address this contention at this stage.

MINUTE ORDER - 2

"arises only in connection with terms agreed to by the parties." *Id.* There can be no breach of a duty of good faith and fair dealing where "there was no contract term obligating the specific performance" complained of. *134th St. Lofts, LLC v. iCap Nw. Opport. Fund, LLC*, 479 P.3d 367, 375 (Wash. Ct. App. 2020). The claim lacks sufficient factual basis to support an implied duty arising from a contract with each named defendant. *See* Compl. at ¶¶ 72–74 (docket no. 1). Because defects may be cured through amendment, dismissal is without prejudice.

   (f)   The sixth cause of action, vicarious liability, is DISMISSED WITH PREJUDICE as to all moving defendants. Vicarious liability is not itself a standalone cause of action under Washington law. *See Niece v. Elmview Grp. Home,* 131 Wash.2d 39, 929 P.2d 420, 425–26 (1997); *M. L. v. Craigslist Inc.*, 2020 WL 6434845, at *16 (W.D. Wash. Apr. 17, 2020), *report and recommendation adopted*, 2020 WL 5494903 (W.D. Wash. Sept. 11, 2020). Accordingly, the Court finds that amendment would be futile.

   (g)   The seventh cause of action, violation of Washington's Consumer Protection Act (the "WCPA"), is DISMISSED WITHOUT PREJUDICE as to all moving defendants. Under Washington law, a claim under the WCPA requires five essential elements: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that impacts the public, (4) injury; and (5) causation. Failure to adequately plead any of these elements is fatal to a WCPA claim. *See, e.g., Brown v. Transworld Sys. Inc.*, 646 F. Supp. 3d 1328, 1341 (W.D. Wash. 2022). In its complaint, plaintiff does not identify representations or omissions attributable to each named defendant, nor does it establish that the dispute extends beyond a private transaction alleged. *See* Compl. at ¶¶ 80–83 (docket no. 1). Because the WCPA requires a showing of conduct affecting the public interest and actionable deception, and plaintiff provides only group pleading and conclusory assertions, the seventh cause of action is dismissed with leave to amend.

   (h)   Defendants NVA Evergreen, C&H Equine, Dr. Howell, Dr. Washburn, and Mr. Mackey also moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5), arguing that service of process was insufficient because plaintiff failed to include the referenced exhibits with the summons and complaint served on the defendants. *See* docket nos. 39, 42, and 43. Plaintiff has already corrected the deficiency by filing the missing exhibits and did so before the pending motions were filed. *See* Praecipe (docket no. 29). Accordingly, the motion to dismiss for insufficient service of process under Rule 12(b)(5) is DENIED.

   (2)   Accordingly, the portions of the motions for a more definite statement filed by NVA Evergreen, docket no. 39, Mr. Mackey and Dr. Washburn, docket no. 42, and C&H Equine and Dr. Howell, docket no. 43, are STRICKEN AS MOOT.

MINUTE ORDER - 3

(3) The first amended complaint, if any, shall be filed by August 15, 2025. The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 24th day of July, 2025.

                                        Ravi Subramanian
                                        Clerk

                                        s/Laurie Cuaresma
                                        Deputy Clerk

MINUTE ORDER - 4